UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR420-129-04 |
| | ) | |
| WILLIAN CRUZ PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Defendant Willian Cruz Perez is a Columbian citizen extradited to the United States to be tried for attempting and conspiring to board an aircraft registered in the United States to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 963 and 959. *See generally* doc. 90-1 (Extradition Documents); *see* doc. 3 (Indictment). Perez moves to dismiss the charges against him under the doctrine of specialty and for lack of venue. *See* docs. 132 & 134. The Government responded. Doc. 163. The parties requested oral argument on Perez's motions to dismiss, *see* doc. 181 at 1, but the Court finds that oral argument on these matters is unnecessary. The request for oral argument is **DENIED**. Perez's Motion to Dismiss Under Doctrine of

1

Specialty, doc. 132, and Motion to Dismiss for Lack of Venue, doc. 134, are ripe for disposition.

## I. MOTION TO DISMISS UNDER DOCTRINE OF SPECIALITY

Columbia approved Perez's extradition on the condition that he not be subject to life imprisonment or confiscation. *See* doc. 90-1 at 3 (communication from the Columbian Ministry of Foreign Relations asking for assurances that Perez "will not be subject to . . . life imprisonment or confiscation"). The maximum possible sentence for both charges against Perez is life imprisonment. *See* doc. 4 (Penalty Certification). The Government also "included a forfeiture [allegation] in the Indictment and is pursuing it." Doc. 132 at 2; *see also* doc. 3 at 4-5. Perez argues that because he could potentially receive a life sentence and may be subject to forfeiture, the United States has violated its extradition agreement with Columbia and both "jurisdiction" and "extradition" are invalid. Doc. 132 at 2. He raises this argument "under the doctrine of specialty." *Id.* at 1.

The Court cannot decide the merits of any doctrine of specialty contentions unless Perez has standing to assert a violation of the rule. *United States v. Valencia-Trujillo*, 573 F.3d 1171, 1177 (11th Cir. 2009).

2

Not all treaties give defendants rights that can be asserted in an American court. *Id.* at 1180-81. "Unless *extradition conditions or restrictions are grounded in self-executing provisions of a treaty*, they do not have 'the force and effect of a legislative enactment' that the defendant has standing to assert in the courts of this country." *Id.* at 1181 (quoting *Medellin v. Texas*, 552 U.S. 491, 505-06 (2008)) (emphasis added). The extradition restrictions Perez bases his rule of specialty argument on are not grounded in self-executing provisions of a treaty between the United States and Columbia. Rather, the restriction that Perez not be "subject to . . . life imprisonment and confiscation" is rooted in Columbian domestic law. *See* doc. 90-1 (outlining that the request that Perez not be subject to life imprisonment or confiscation is based on Article 494 of Law 906 of 2004 and a ruling of the Columbian Constitutional Court); *see also* doc. 163-1 (declaration of Tom Heinemann, Attorney Advisor in the Office of the Legal Adviser for the United States Department of State, explaining that when a condition for granting extradition "is not provided by the terms of the applicable extradition treaty," the foreign state "must formally request the

3

agreement of the United States" to the restriction, like Columbia did here).

Accordingly, the conditions that Perez not be subject to life imprisonment or confiscation do not have "the force and effect of a legislative enactment" that Perez has standing to assert.[1] *See Valencia-Trujillo*, 573 F.3d at 1181. Perez's Motion to Dismiss Under Doctrine of Specialty should therefore be **DISMISSED** for lack of standing. Doc. 132.

## II. MOTION TO DISMISS FOR LACK OF VENUE

Perez also moves to dismiss the indictment for lack of venue, arguing that he entered the United States via Washington, D.C., and 21 U.S.C. § 959(c) states that any person who violates § 959 shall be tried in the United States District Court at the point of entry where such person enters the United States or in the United States District Court for the District of Columbia. *See* doc. 134. As the Government correctly points

---

[1] The Court notes that even if Perez did have standing, "[u]nder the doctrine of specialty, a nation that receives a criminal defendant pursuant to an extradition treaty may try the defendant only for those offenses for which the other nation granted extradition." *United States v. Puentes*, 50 F.3d 1567, 1572 (11th Cir. 1995). Columbia granted extradition to try Perez for Counts 1 and 2 "as charged in an Indictment in Case No. CR 420 129." *See* doc. 90-1 at 1. The indictment has not been superseded since Perez's extradition. *See generally* docket.

out, however, when Congress amended 21 U.S.C. § 959 in 2017, it removed the language regarding venue. *See* 21 U.S.C. § 959; *see also* doc. 163 at 10; National Defense Authorization Act, Pub. L. No. 115-91, 131 Stat. 26. Perez's motion is based on superseded law.

Under 18 U.S.C. § 3238, the proper venue for extraterritorial offenses "shall be in the district in which the offender, *or any one of two more joint offenders*, is arrested or is first brought." *Id.* (emphasis added). Perez is charged with two extraterritorial offenses. *See* doc. 3. He has three co-defendants. *Id.* Two of them, Agim Cerma and Edwin Durlandy Montilla Gonzalez, were brought directly to the Southern District of Georgia from Bogota, Columbia. *See* docs. 163-2 & 163-3. Venue is therefore proper in the Southern District of Georgia under 18 U.S.C. § 3238. *See United States v. Alexander*, 958 F.3d 1, 10 (1st Cir. 2020) (holding that after the 2017 amendment, venue under 21 U.S.C § 959 "now rests on 18 U.S.C § 3238"); *see also United States v. Anayaoku*, 2019 WL 5580220, at *2 (E.D. Va. Oct. 29, 2019) (applying 18 U.S.C. § 3238 to

a defendant charged with violation 21 U.S.C. § 959).  Perez's Motion to Dismiss for Lack of Venue should be **DENIED**.  Doc. 134.

### III.  CONCLUSION

For the foregoing reasons, Perez's Motion to Dismiss Under Doctrine of Specialty should be **DISMISSED**, doc. 132, and his Motion to Dismiss for Lack of Venue should be **DENIED**, doc. 134.  This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 7th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA