**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

v.

WILLIAN CRUZ PEREZ,

Defendant.

CASE NO.: 4:20-cr-129-4

**ORDER**

The Court **DENIES** Defendant's Motion for Sentence Reduction Under 18 U.S.C § 3582(c)(1)(A) (Compassionate Release), (doc. 289). Even if Defendant has exhausted his administrative remedies, Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Moreover, having considered the facts of this case, the Court finds that reduction of Defendant's sentence would contravene the factors set forth at 18 U.S.C. § 3553(a). The sentence he received remains necessary to achieve the statutory purposes of sentencing.[1]

The Court also **DENIES** Defendant's motions requesting reduction of his sentence because of changes to the United States Sentencing Guidelines. (Docs. 280, 282.) As the Government explained in its Response, (doc. 287), the Guidelines Amendments Defendant cites are not listed for retroactive application in U.S.S.G. § 1B1.10(d). Accordingly, these changes afford him no

[1] In this Motion, Defendant also argues that he is a "zero point offender." (Doc. 289, p. 6.) To the extent Defendant offers this as an independent basis to revisit his sentence, that argument fails. The Court already recognized that Defendant qualified as a Zero-Point Offender under U.S.S.G. § 4C1.1 and sentenced him as such. (See doc. 257, p. 9.)

relief. See, United States v. Puello, No. 21-CR-20520, 2026 WL 248320, at *2 (S.D. Fla. Jan. 30, 2026).

**SO ORDERED**, this 23rd day of September, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA